FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANKLIN J. WHITFIELD, | : |
| Petitioner, | : |
| v. | : Civil Action No. 08 1127 |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Respondents. | : |

### TRANSFER ORDER

Petitioner appears to challenge his conviction in the United States District Court for the Middle District of North Carolina on the ground that the court misinterpreted a North Carolina statute pertaining to habitual felons. Insofar as plaintiff challenges his conviction and sentence, the Court construes the pleading as a petition for a writ of habeas corpus.

Habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Therefore, the Court will transfer this matter to the district in which petitioner currently is incarcerated. Resolution of petitioner's application to proceed *in forma pauperis* is left to the transferee court to decide.

1

Accordingly, it is hereby

ORDERED that this action is TRANSFERRED to the United States District Court for the Eastern District of North Carolina.

SO ORDERED.

DATE: 6/19/08

_____
United States District Judge